UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES MONORE TYSON,

        Petitioner,

v.

TIM LUOMA,

        Respondent.
_____/

Case No. 2:05-CV-23

Hon. Richard Alan Enslen

**ORDER**

        This matter is before the Court on Petitioner James Monroe Tyson's Notice of Appeal, which will be construed as a application for certificate of appealability under 28 U.S.C. § 2253(c). *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Despite section 2253(c)'s contradictory language, this Court is fully authorized to issue or deny a certificate. *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1070 (6th Cir. 1997).

        Where, as the Court did here, a:

> [D]istrict court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484-85. Because this Court finds it was correct in its procedural ruling and reasonable jurist could not find this decision debatable, discussion of the validity of Petitioner's claim is unnecessary.

        On March 4, 2005, an order issued advising Petitioner that this Court requires habeas petitioners to file a separate petition for each conviction being challenged. Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a). Petitioner was ordered to amend his Petition

to challenge only one conviction and specify the procedural history of the challenged conviction within thirty days. Petitioner was warned that a failure to amend his Petition may result in dismissal.

Petitioner failed to amend his Petition and it was dismissed by the Court on April 27, 2005. Petitioner's then filed a Motion for Reconsideration, which was denied on July 19, 2005. Petitioner has also filed motions to appoint counsel, vacate the dismissal order, and for sanctions; each was unresponsive to the dismissal order.

Rule 2(d) of the Rules Governing § 2254 Cases and Western District of Michigan Local Civil Rule 5.6(a) grant this Court the authority to prescribe the form a habeas petitioner must follow. Petitioner has made no effort to comply with the procedural rules governing his Petition, and no reasonable jurist could find such an assessment debatable. *Slack*, 529 U.S. at 484-85.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner James Monroe Tyson's application for certificate of appealability (Dkt. No. 30) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>September 22, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |